CASE 54—PETITION EQUITY—MAY 25.

# Northcutt v. Turney, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. TRADE MARK—PRACTICE.—Where two springs of mineral water seem to be composed of the same ingredients and composed of the same kind and combination of medicinal qualities, but are some distance apart and belong to distinct firms, and a trade mark has been properly and legally adopted and used by each of the respective owners without objection by the other, they have a common interest in preventing a third party from illegally appropriating and using the trade mark, and have a right to jointly maintain an action for that purpose.

2. TRADE MARK—MINERAL WATER.—Appellees having acquired, by long use and under the decision of the courts, the right to use their trade mark, the use and attempted appropriation of the same trade mark by appellant in advertising and selling water from an artesian well was illegal and fraudulent, and he was properly enjoined from so doing.

3. ESTOPPEL—ACQUIESCENCE.—No presumption of acquiescence in the wrongful appropriation of the trade mark, could arise so as to estop appellees from exercising their right to restrain its use; and whatever money may have been spent by appellant in the purchase of and in putting improvements on the artesian well, with the purpose of using the trademark in the sale of water therefrom, was done at his own risk.

4. LIMITATION.—An action to enjoin the illegal use of a trade mark is subject to the provisions of the statute of limitations contained in section 2522, of the Kentucky Statutes, which provides that such action shall be commenced within ten years next

after the cause of action accrued; but that does not avail appellant in this case, because he did not begin to use the trade mark until 1893; and the fact that he and his predecessors had used the trade mark for a period of 15 years will not avail him in the absence of an allegation that they had used it under a claim of right or that they either acquired or undertook to convey to him a title to the trade mark; and the trade mark not having been conveyed to him by his predecessors, it must be presumed that whatever right they acquired thereto was abandoned when they transferred the well to him.

ROOT & ROOT FOR APPELLANT.

1. Under the circumstances set forth in the answer of appellant the appellees were not entitled to the relief sought; by their laches and long acquiescence they are estopped. Bisphams' Equity, p. 59; sec. 39; sec. 458, p. 512; sec. 260, p. 320; Holcomb's Equity Jurisprudence, pp. 202 and 303; Story's Equity Jurisprudence, pp. 126 and 758, and notes; Smith v. Clay, Ambler, 645; High on Injunctions, sec. 681; Amer. & Eng. Enc. of Law, vol. 10, pp. 802 and 937; Amoskeag Mfg. Co. v. Garnet, 6 Abb., (N. Y.) Pr. N. S., 265; Isaacson v. Thompson, 41 L. J., Ch. 101.

2. Appellees are barred by the statute of limitations from any legal right and can not be entitled to the remedy by injunction, which must be based exclusively on the legal right.

NELSON & DESHA FOR APPELLEES.

1. It can not make any difference in this case if the composition of the water from the artesian well was substantially the same, or actually the same, as the water from the original Blue Lick Springs; if that were true the appellant would have no right by the use of appellee's trade mark to reap the fruits of the enterprise and labor of appellants and their predecessors in establishing the reputation of that water. Parkland Hills Blue Lick Water Co. v. Hawkins & Co., 16 Ky. Law Rept., 210; Dunbar v. Glenn, 42 Wis., 118.

2. Appellants' plea of acquiescence by the appellees and their predecessors is insufficient; it is in effect a plea that by repeated trespass upon the property of others he has acquired the right to continue to trespass. McLean v. Fleming, 96 U. S., 245; Mennendez v. Holt, 128 U. S., 526; Rogers v. Rogers, 31 L. T., 285.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, Dan Turney and others, doing business under the firm name of Turney & Lindsey, and E. C. Hawkins and others, doing business under the firm name of E. C. Hawkins & Co., owners respectively of what are called and known as the Upper and the Lower Blue Lick Springs, in Nicholas county, Ky., brought this action jointly to enjoin appellant, H. B. Northcutt, from using the words "Blue Lick" as a trade mark in connection with his advertisement and sale of water from an artesian well in Campbell county or elsewhere; and, by the judgment appealed from, the temporary injunction granted for that purpose was in terms perpetuated by the lower court. It is substantially alleged and admitted that water from the two springs of appellees have been for a century known, sold, and used throughout the United States and many foreign countries as medicinal water, and also that they and those under whom they claim have, by long use and legal adoption, acquired exclusive right to the use of the words "Blue Lick" as their trade mark. Though Upper and Lower Blue Lick Springs are some distance apart, and belong to two distinct firms, the water from them seems to be composed of the same ingredients, and to possess the same kind and combination of medicinal qualities. And, as the trade mark "Blue Lick Water" has been heretofore appropriately and legally adopted and used by each respective owner without objection of either, they have a common interest in preventing a third party from illegally appropriating and using it, and, consequently, have a right to jointly maintain this action. Appellant states in his answer that

he and those who preceded him have been selling and shipping water from said artesion well for a period of at least 16 years; that for about one year of that time the trade mark or brand used in the sale of said water was "The Campbell County Blue Lick Water," and for about 15 years last past the trade mark or brand used by him and the former owners and proprietors in sale of said waters has been "Kentucky Blue Lick Water." And the two defenses based upon this alleged statement of fact are:   First, that appellees having knowledge thereof, and acquiescing in such use of the words "blue lick water" by appellant and his predecessors, is now estopped to deny their right or interfere with the exercise of it by them; second, that the action is barred by the statute of limitation.

That appellees acquired exclusive right to use as their trade mark the words "Blue Lick Water" is not only apparent from the facts stated in their petition, and conceded in the answer of appellant to be true, but has been definitely decided by this court in the case of Parkland Hills Blue Lick Water Co. v. Hawkins & Co., 16 Ky. Law Rep., 210. Such being the case, the use and attempted appropriation of the same words by the predecessors of appellant, in advertising and selling water from the artesian well, was manifestly illegal and fraudulent. And whatever money he may have expended in purchase and improvement of the artesian well, with the purpose of using the same words as his trade mark in the sale of water therefrom, was done at his own risk, for no presumption of acquiescence by appellees in such wrongful appropriation of their property could arise, or estoppel of their right to restrain it could be created. In

our opinion an action to enjoin the illegal appropriation and use of a trade mark is not excepted from, but, according to manifest legislative policy, subject to operation of the statute of limitation, and is controlled by section 2522 as follows: "An action for relief not provided for in this or some other chapter can only be commenced within ten years next after the cause of action accrued." But that statute does not avail appellant as a defense, because he did not begin to appropriate and use the words in question as his trade mark in selling water from the artesian well until 1893, and, of course, the cause of this action against him did not until then accrue. It is true the answer contains the allegation, which, for the purpose of trying the general demurrer, must be taken as true, that he and his predecessors had for the period of 15 years used the words "Kentucky Blue Lick Water" in connection with sale of water from the artesian well, but he does not allege they had so used the words under a claim of right, or that they either acquired or undertook to convey to him a title to the trade mark. On the contrary, their appropriation and use of the trade mark being unlawful and fraudulent, it must be presumed whatever right they acquired thereto, if any, was abandoned when they transferred the well to appellant. And, as it was not conveyed or attempted to be conveyed to him, his use and attempted appropriation must be treated as illegal and fraudulent, and a distinct cause of action which accrued against him in favor of appellant in 1893, when he first commenced to so appropriate and use their trade mark.

Judgment affirmed.